IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,175-01, WR-77,175-02, WR-77,175-03 AND WR-77,175-04






EX PARTE RANDY ETHAN HALPRIN








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. W01-00327-Y(A) IN THE 283rd DISTRICT COURT


DALLAS COUNTY






 Per Curiam. 



O R D E R



 These are post conviction applications for writs of habeas corpus filed pursuant to
the provisions of Texas Code of Criminal Procedure article 11.071.

 On June 12, 2003, applicant was sentenced to death after having been found guilty
of the capital murder of Irving Police Officer Aubrey Hawkins. In 2005, this Court
affirmed his conviction and sentence on direct appeal. Halprin v. State, 170 S.W.3d 111
(Tex. Crim. App. 2005). On April 6, 2005, applicant timely filed in the trial court his
initial application for writ of habeas corpus pursuant to Article 11.071. On April 27,
2005, applicant filed an "amended" application for writ of habeas corpus. Both of
applicant's writs were received in this Court on February 13, 2012. The trial court
concluded that the amended application is a subsequent writ. Although the document was
untimely filed under Article 11.071, we have reviewed it and find that it merely corrects
typographical errors, includes the previously missing "Table of Authorities," and makes
other clerical corrections. Any additional language provides only further evidentiary and
legal support and does not assert additional claims or expand upon a claim raised. 
Therefore, we find that it is not a subsequent writ and reject the trial court's findings and
conclusions numbered 9 through 13 (to the extent they apply to the amended application),
82, 83, and 89. 

 In his writ application, applicant presents thirty-one allegations challenging the
validity of his conviction and resulting sentence. The trial court held five evidentiary
hearings. The trial court entered findings of fact and conclusions of law recommending that
the relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
Based upon the trial court's findings and conclusions and our own review, we adopt the trial
court's findings and conclusions except for those noted previously, and we deny relief. We
also note that finding and conclusion number 506 states that the affidavit of Bill Waybourn,
filed on July 30, 2010, is a subsequent writ. However, an affidavit alone does not create a
new claim especially as no argument or brief was submitted along with it. Therefore, we
reject finding and conclusion number 506. 

 Applicant also filed numerous other pleadings after the statutory deadline. We adopt
the trial court's conclusions that the following documents should be considered subsequent
writs, and they have been numbered accordingly:

WR-77,175-02 Additional Arguments in Support of Amended Application for Writ of
Habeas Corpus Pursuant to Art. 11.071 (filed Oct. 7, 2005)


WR-77,175-03 Brief in Support of Argument on Ineffective Assistance of Counsel on
Appeal in Application for Writ of Habeas Corpus (filed Sept. 14,
2010).


WR-77,175-04 Brief in Support of Argument that Exclusion of Ranking Document was
Harmful to Halprin's Mitigation Defense (filed Sept. 27, 2010)


The claims raised in applicant's subsequent applications fail to meet the dictates of Article
11.071, §5. Accordingly, we dismiss his subsequent applications as an abuse of the writ.

 

 IT IS SO ORDERED THIS THE 20th DAY OF MARCH, 2013.

Do Not Publish